IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

GERARDO CANTU,

  Plaintiff,

v.               3:13-CV-00843-K-BK

GMAC MORTGAGE, LLC,

  Defendant.

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

The *pro se* Plaintiff originally filed this action in state court, raising claims of wrongful foreclosure as well as violations of the Home Affordability Modification Program ("HAMP"), an unspecified statute under Texas Property Code section 51, and the Texas Debt Collection Act ("TDCA"). (Doc. 1-3 at 6-8). Each of these claims stemmed from Defendant's plan to foreclose on Plaintiff's home. *Id.* Plaintiff also sought an injunction to prevent the foreclosure sale, which was scheduled for February 5, 2013. *Id.* at 7-8. Defendant removed the action to federal court and filed a motion to dismiss on March 26, 2013. (Doc. 1; Doc. 9). Due to Plaintiff's failure to respond to Defendant's motion, the undersigned ordered Plaintiff to file a response no later than May 6, 2013, if he was opposed to the dismissal of his case. (Doc. 12). The Court warned Plaintiff that, if he did not respond, he risked dismissal of his case without further notice. *Id.* The May 6 deadline has now passed, and Plaintiff did not respond as ordered.

Federal Rule of Civil Procedure 41(b) permits a court to dismiss an action *sua sponte* for failure to prosecute or follow court orders. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v.*

*Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).  Plaintiff failed to respond to Defendant's dismissal motion and failed to comply with this Court's order directing a response.  Accordingly, this action is subject to dismissal without prejudice.  Nevertheless, a dismissal without prejudice has the same effect as a dismissal with prejudice if the statute of limitations might prevent a party from refiling his case.  *Boazman v. Econ. Lab., Inc.*, 537 F.2d 210, 213 (5th Cir. 1976).

Here, however, the statute of limitations on Plaintiff's wrongful foreclosure claim does not appear to expire until 2017.  *Martin v. Cadle Co.*, 133 S.W.3d 897, 905 (Tex.App. – Dallas, 2004) (noting four-year statute of limitations for wrongful foreclosure claims); *see also* TEX. CIV. PRAC. & REM. § 16.033 (establishing a two-year statute of limitations for a suit by a person with a right of action for the recovery of real property conveyed by a written instrument that is alleged to have certain defects).  Plaintiff's TDCA action does not expire until approximately 2015, two years after the foreclosure proceeding (the allegedly fraudulent "collection action") was undertaken.  *Duzich v. Marine Office of America Corp.*, 980 S.W.2d 857, 872 (Tex.App. – Corpus Christi, 1998).  Finally, to the extent that Plaintiff attempted to raise a claim under HAMP, no such cause of action exists.  *See Wildy v. Wells Fargo Bank, N.A.*, 2013 WL 246860, at *3 (N.D. Tex. 2013) (Stickney, J.) (collecting cases).  For the reasons set forth above, the Court recommends dismissal of Plaintiff's complaint without prejudice.

**SO RECOMMENDED** on May 31, 2013.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

2

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE